People v J.R. (2025 NY Slip Op 51570(U))

[*1]

People v J.R.

2025 NY Slip Op 51570(U)

Decided on October 6, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 6, 2025
Youth Part, Erie County

The People of the State of New York

against
J.R., AO.

Docket No. FYC-72983-25/001

Taylor Yensan, Esq. (Assistant District Attorney)
Connor Dougherty, Esq. (for Principal)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Taylor L. Yensan, Esq. (Assistant District Attorney), dated September 17, 2025; the Response to the People's Motion Opposing the Removal to Family Court, dated September 30, 2025, having been filed by Connor C. Dougherty, Esq., on behalf of AO J.R.; the ADA having reserved the right to a hearing on the facts alleged in support of the People's Motion; and due deliberation having been had, the Court finds the following:
Procedural History
AO J.R. is charged under FYC-72983-25/001 with Criminal Possession of Stolen Property in the Third Degree, a class D felony contrary to Penal Law § 165.50, and Unauthorized Use of a Vehicle in the Third Degree, a class A misdemeanor contrary to Penal Law § 165.05(1).
On August 19, 2025, Accessible Magistrate John Wanat arraigned AO J.R. and remanded him without bail. Later that day, this Court arraigned AO J.R. and set nominal bail, as Defendant was already being held on a Family Court matter. A six-day reading was not required under CPL § 722.23(2)(a). The People indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court. This Court issued a Scheduling Order. The People's Motion was due September 17, 2025, AO J.R.'s responsive papers were due on September 24, 2025, and a decision on motion was scheduled on October 6, 2025. The People timely filed their motion. AO J.R.'s responsive papers, filed on September 30, 2025, were untimely; [*2]however, the People consented to the late submission. Accordingly, the Court will consider AO J.R.'s Response to the People's Motion in rendering this Decision.

Findings of Fact
It is alleged that a vehicle was stolen on or about August 17, 2025 at 11:30p.m. The next day, a Cheektowaga Police Officer was on routine patrol when he received a notification about the location of the stolen vehicle. The Officer located the vehicle and activated his overhead emergency lights and siren. The stolen vehicle failed to yield. The Officer and another marked patrol vehicle pursued the stolen vehicle for approximately 20 minutes. The chase ended when the stolen vehicle struck a tree and became disabled. AO J.R. was taken into custody as a passenger of the stolen vehicle. Five co-defendants were in the stolen vehicle with AO J.R. At no time did the owner of the stolen vehicle give anyone else permission to operate, ride in, or otherwise exercise control over the vehicle.

Conclusions of Law
The Raise the Age Law defines a 16-year-old or 17-year-old person who was charged with a felony as an "adolescent offender" (CPL § 1.20 [44]; see Penal Law § 30.00 [1], [3] [a]). Following arraignment, the Youth Part shall order the removal of an Adolescent Offender matter to Family Court unless, within thirty calendar days of arraignment, the prosecutor moves to prevent the removal of the action to Family Court and establishes that extraordinary circumstances exist. CPL § 722.23(1)(a), (d).
The term "extraordinary circumstances" is not defined in the Raise the Age Law. People v. Guerrero, 235 AD3d 1276, 1276 (4th Dept., 2025). "The legislative history for CPL § 722.23 reveals that, in making an extraordinary circumstances determination, courts should 'look at all the circumstances of the case, as well as ... all of the circumstances of the young person,' including both mitigating and aggravating factors." NY Assembly Debate on 2017 NY Assembly Bill A3009C, April 8, 2017 at 39; see id. at 40, 65); see also, People v. Guerrero, supra. The legislative history further provides that "the People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court.'" See, People v T.P., 73 Misc 3d 1215(A) (Nassau County Ct 2021).
The People argue that this matter should not be transferred to Family Court because the facts are extraordinary, and AO J.R. has a history in Youth Part. AO J.R. contends that the facts of this case are not especially cruel and heinous, as he did not harm anyone or engage in any reckless or violent behavior. He asserts that he was not a leader of criminal activity, and he did not commit a series of crimes over a series of days. On a personal note, he states that he came from a disparate socioeconomic background and has limited means of transportation.
After considering the People's Motion and AO J.R.'s responsive papers and accounting for all the circumstances of this case and this young person, this Court finds that extraordinary circumstances exist to prevent removal of this case. AO J.R. was a passenger in a stolen vehicle that led police on a chase; the pursuit ended when the stolen vehicle crashed into a tree and became disabled. This is not AO J.R.'s first stolen vehicle case. In February 2025, this Court removed three matters pending against him to Family Court. This case is the fourth time AO J.R. has been charged as an Adolescent Offender in less than one year. Each of AO J.R.'s Youth Part cases involved car theft or AO J.R. acting with the intent to steal a vehicle.
As part of the extraordinary circumstances analysis, this Court must evaluate whether AO J.R. would be amenable to or would benefit from further services provided by Family Court if this [*3]matter was removed. Unfortunately, this Court cannot review AO J.R.'s participation in Voluntary Case Planning Services, as services were terminated when he was sent to placement on a Family Court matter during the pendency of this action. This Court finds that AO J.R. has demonstrated a pattern of recidivism and will not be amenable to or would not benefit in any way from further services provided by Family Court. See People v J.K., 78 Misc 3d 1221(A) (Youth Part, Erie County 2023).
After examining all the circumstances of this case and this youth, this Court finds that extraordinary circumstances exist to prevent the transfer of this action to Family Court. The People met their burden to prevent removal of this action to Family Court. This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN